

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 3:94-CR-105-T |
| VS. | § | No. 3:01-CV-890-T |
| | § | |
| DONALD MACK MARTIN | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the United States District Court for the Northern District of Texas, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

### Type of case:

Donald Mack Martin, Petitioner, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### Parties:

Petitioner is a federal prisoner. Respondent is the United States of America.

### STATEMENT OF THE CLAIM

Petitioner fled after he was charged in another criminal case in this District, and a warrant was issued for his arrest. He was arrested on March 6, 1994, and indicted on March 24, 1994. In Count One he was charged with criminal contempt, in violation of 18 U.S.C. § 402. In Count Two he was charged with being a three-time convicted felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g) and 924(e). Petitioner's trial was set for May 2, 1994. After his original counsel withdrew, Petitioner filed a motion to suppress evidence. On June 21, 1994, the trial court held a hearing on the motion to suppress and denied the motion. Then Petitioner pled guilty to both counts. The trial court sentenced Petitioner on November 17, 1994, to 180 months imprisonment, supervised release for a term of five years and a mandatory special assessment of $50.00. Petitioner appealed and on June 28, 1995, the appellate court affirmed the judgment.

Petitioner filed a § 2255 motion, and Judge Maloney granted the motion, allowing Petitioner to withdraw his plea of guilty because it was not knowingly and intelligently made. On December 9, 1998, Petitioner pled guilty a second time. This time he pled guilty pursuant to a Fed. R. Civ. P. 11(e)(1)(C) agreement for a term of imprisonment of fifteen years, to run concurrently with the sentence imposed in case number 3:92-CR-434-D. The trial court accepted the 11(e)(1)(C) agreement and sentenced him on February 18, 1999, to six months imprisonment on the 18 U.S.C. § 402 violation and 180 months for violation of 18 U.S.C. § 922(g) and 924(e), the firearms charge. The trial court ordered the sentences to run concurrently with each other and with Petitioner's sentence in case number 3:92-CR-434-D. Petitioner appealed, contending once again that the firearm should have been suppressed. Petitioner claimed his vehicle was impounded and an inventory made in violation of the Fourth Amendment. The Court of Appeals disagreed and affirmed the conviction on January 11, 2000. *United States v. Martin*, No. 99-10190 (5th Cir. Jan. 11, 2000).

Petitioner brought the present § 2255 motion on May 11, 2001. Petitioner filed an identical § 2255 motion on June 7, 2001. Additionally, Petitioner filed supplements to his § 2255 motion on December 10, 2001, and March 27, 2002. Petitioner argues once again that the

firearms should have been suppressed because his Fourth Amendment rights were violated, and additionally claims his sentence should not have been enhanced pursuant to 18 U.S.C. § 924(e).

## STANDARD OF REVIEW

The scope of post-conviction relief pursuant to 28 U.S.C. § 2255 is limited. Issues raised and decided on appeal from a judgment of conviction are not considered in § 2255 motions. *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). The statute affords judicial review only for constitutional errors and other issues that (1) could not have been raised on direct appeal and (2) will result in a miscarriage of justice if left unaddressed. *See United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994). Misapplications of the Sentencing Guidelines do not fall into either category and hence are not cognizable in § 2255 motions. *See United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir.1994); *Faubion*, 19 F.3d at 233. Before a petitioner may raise an issue for the first time in a § 2255 proceeding, he must show "cause" for his procedural default in failing to raise the issue on appeal and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 168 (1982); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). This high hurdle ensures that final judgments command respect and that their binding effect is not disturbed by an endless series of post-conviction collateral attacks. *Frady*, 102 S. Ct. at 1593.

## EXAMINATION OF THE CLAIMS

Petitioner claims that the motion to suppress should have been granted because the search and seizure of the weapons violated his Fourth Amendment rights. Petitioner raised this issue on appeal. Although Petitioner now has a different argument with respect to why his Fourth Amendment rights were violated, the record shows no reason he could not have made this

3

argument on appeal. Issues raised and decided on appeal from a judgment of conviction or that could have been raised on appeal are not considered in § 2255 motions. *Jones*, 614 F.2d at 82; *Spears*, 766 F.2d at 181. The Fifth Circuit Court of Appeals held that Petitioner's Fourth Amendment rights were not violated. This issue has been determined adversely to Petitioner and will not be reconsidered by this Court.

In his supplements to his motion, Petitioner claims the record contains no evidence that his prior burglary convictions were violent offenses. He claims the trial court should not have enhanced his sentence. Petitioner pled guilty pursuant to Fed. R. Civ. P. 11(e)(1)(C), and the agreement provided for a fifteen-year sentence. The trail court accepted the 11(e)(1)(C) agreement and sentenced Petitioner accordingly. Additionally, the factual resume to which Petitioner agreed provides that "when the defendant possessed the firearms on March 6, he had previously been convicted of *three prior violent felonies* making him subject to the enhanced penalty provisions of 18. U.S.C. § 924(e). Accordingly, Petitioner's supplemental claims should be summarily dismissed as frivolous.

## RECOMMENDATION

The Court recommends that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 be **DENIED**.

SIGNED this 11 day of September, 2002.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE